Dana L. Sullivan
Oregon Bar No. 944834
**BUCHANAN ANGELI**
**SULLIVAN & FERRER LLP**
621 Southwest Morrison Street, Suite 1250
Portland, Oregon 97205
Telephone:    503.974.5015
Facsimile:    971.230.0337
Email:        dana@basf.law

Michael A. Josephson (*pro hac vice forthcoming*)
Andrew W. Dunlap (*pro hac vice forthcoming*)
**JOSEPHSON DUNLAP LLP**
5847 San Felipe St., Suite 2400
Houston, Texas 77057
Telephone:    713.352.1100
Facsimile:    713.352.3300
Emails:       mjosephson@mybackwages.com
              adunlap@mybackwages.com

Richard J. (Rex) Burch (*pro hac vice forthcoming*)
**BRUCKNER BURCH PLLC**
5847 San Felipe St., Suite 2400
Houston, Texas 77057
Telephone:    713.877.8788
Email:        rburch@brucknerburch.com

*Attorneys for Reign and
the Hourly Employees*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| AMAZING REIGN, Individually and for Others Similarly Situated, <br><br>     Plaintiff, <br><br>   v. <br><br> METRO WEST AMBULANCE SERVICE, INC., and MEDIX AMBULANCE SERVICE INC., <br><br>     Defendants. | Civil No. _____ <br><br> **ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> **(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);** |

Page | 1 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

**(2) Failure to Provide *Bona Fide* Meal Periods under Oregon Law, ORS § 653.261**

**(3) Failure to Pay Overtime Wages (Oregon Revised Statutes, ORS § 653.261 and OAR 839-020-0030).**

**(4) Failure to Pay All Earned Wages (ORS § 652.120).**

**(5) Penalty for Late Final Pay (Oregon Revised Statutes, ORS § 652.140).**

**(6) Failure to Provide *Bona Fide* Meal and Rest Periods under the WIWA, RCW 49.12, *et seq.***

**(7) Failure to Pay Overtime Under the WMWA, RCW 49.46, *et seq.***

**(8) Willfully Withholding Earned Wages Under the WWRA, RCW 49.52, *et seq.***

**DEMAND FOR JURY TRIAL**

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.    Amazing Reign (Reign) brings this class and collective action to recover unpaid wages and other damages from Metro West Ambulance Service, Inc. (Metro West) and Medix Ambulance Service, Inc. (Medix) (Metro West and Medix collectively, Defendants).

2.    Defendants jointly, as a single, unified enterprise, employed Reign as one of their Hourly Employees (defined below).

3.    Defendants paid Reign and the other Hourly Employees by the hour.

4.    But Defendants do not pay them for all hours worked.

5. Instead, Defendants automatically round Reign's and the other Hourly Employees' clock in and clock out times to the nearest quarter hour (Defendants' "rounding policy").

6. Defendants round Reign's and the other Hourly Employees' clock in and clock out times for their own primary benefit and to the detriment of these employees.

7. And Defendants require Reign and the other Hourly Employees to remain on duty and perform their regular job duties throughout their shifts and/or subject them to interruptions during attempted meal breaks (Defendants' "meal period policy").

8. Reign and the other Hourly Employees regularly do not receive and are unable to take compliant, *bona fide* meal periods.

9. And Defendants do not compensate them for missed or otherwise non-compliant "meal periods."

10. Reign and the other Hourly Employees likewise do not receive *bona fide* rest periods for every four hours worked or major fraction thereof.

11. Instead, Defendants require Reign and the other Hourly Employees to remain on duty and perform their regular job duties throughout their shifts and/or subject them to interruptions during any attempted "rest periods" (Defendants' "rest period policy")

12. Finally, Defendants fail to pay Reign and the other Hourly Employees overtime at the required rates.

13. Instead, Defendants pay Reign and the other Hourly Employees non-discretionary bonuses that they exclude from their regular rates of pay for overtime purposes (Defendants' "bonus pay scheme").

14. Defendants' failure to provide Reign and the other Hourly Employees with compliant, *bona fide* meal and rest periods violates the Washington Industrial Welfare Act (WIWA) and related Washington Department of Labor & Industries (L&I) regulations and/or Oregon Law.

Page | 3 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

15. Likewise, Defendants' bonus pay scheme and rounding policy violates the FLSA, Washington, and Oregon law by depriving Reign and the other Hourly Employees of overtime at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for hours worked in excess of 40 in a work week.

16. Finally, as a result of their rounding policy, meal period policy, rest period policy, and bonus pay scheme, Defendants willfully withhold earned wages from Reign and the other Hourly Employees in violation of the Washington Wage Rebate Act (WWRA) and Oregon law.

## JURISDICTION AND VENUE

17. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

18. This Court also has supplemental jurisdiction over the state-law subclass claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

19. This Court has general personal jurisdiction over Defendants with respect to this action because Defendants are Oregon corporations.

20. Venue is proper because Metro West maintains its principal place of business in Washington County, Oregon, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

21. Defendants employed Reign as an EMT and paramedic in Oregon and Washington from November 2020 until September 2025.

22. Throughout her employment, Defendants classified Reign as non-exempt and paid her by the hour.

23. Defendants subjected Reign to non-compliant meal periods, rest periods, rounding policy, and paid her under their bonus pay scheme.

24.    The putative FLSA collective of similarly situated employees is defined as:

**All hourly employees who Defendants employed under their bonus pay scheme and/or rounding policy during the past 3 years through final resolution of this matter (FLSA Collective Members).**

25.    The putative Oregon class of similarly situated employees is defined as:

**All hourly employees who Defendants employed in Oregon under their rounding policy and/or meal period policy during the past 6 years through final resolution of this matter (Oregon Class Members).**

26.    The putative Washington class of similarly situated employees is defined as:

**All hourly employees who Defendants employed in Washington under their rounding policy, meal period policy, rest period policy, and/or bonus pay scheme during the past 3 years through final resolution of this matter (Washington Class Members).**

27.    The FLSA Collective Members, Oregon Class Members, and Washington Class Members are collectively referred to as the "Hourly Employees."

28.    Defendants are Oregon Corporations.

29.    Metro West maintains its headquarters in Hillsboro, Oregon.

30.    Medix maintains its headquarters in Warrenton, Oregon.

31.    Defendants can each be served with process through their shared registered agent: **JD Fuiten, 5475 NE Dawson Creek Dr., Hillsboro, Oregon, 97124**, or where he may be found.

32.    Defendants share common management and ownership.

33.    For example, JD Fuiten holds an ownership interest in both Metro West and Medix.

34.    JD Fuiten additionally manages Metro West and Medix, including serving as President, Secretary, and Registered Agent for both.

## FLSA COVERAGE

35.    At all relevant times, Defendants were an "employer" within the meaning of the FLSA.

Page | 5 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

29 U.S.C. § 203(d).

36.    At all relevant times, Defendants were an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

37.    At all relevant times, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials, such as computers, cell phones, and PPE, that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

38.    At all relevant times, Defendants have had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

39.    At all relevant times, Reign and the other Hourly Employees were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

40.    At all relevant times, the Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

41.    Metro West "has been a trusted provider of emergency medical services in the Pacific Northwest for over 70 years . . . [and] has grown into a family of 12 companies [, including Medix,] with more than 1,500 employees."[1]

42.    To meet their joint business objectives, Defendants hire employees, like Reign and the other Hourly Employees.

43.    Defendants classify Reign and the other Hourly Employees as non-exempt and pay them by the hour.

44.    While exact job titles, duties, and locations may differ, Reign and the other Hourly

---

[1] https://www.metrowest.us.com/history (last visited Jun 24, 2026).

Employees are all subject to Defendants' same or similar policies—their rounding policy, meal period policy, rest period policy, and bonus pay scheme—for similar work.

45.    For example, Defendants jointly employed Reign as an EMT and paramedic from November 2020 until September 2025 in Washington and Oregon.

46.    Reign's job duties included ensuring appropriate supplies were on board ambulances, providing appropriate medical care and transport in response to 911 calls, and transferring patients between medical facilities via ambulance.

47.    Defendants paid Reign approximately $42 an hour.

48.    Reign reported her "on the clock" hours to Defendants through their timekeeping system.

49.    Defendants' records reflect the hours Reign worked each week "on the clock."

50.    Throughout her employment, Reign typically worked 3-5 days a week, and 12 or 24-hour shifts (72-120 hours a week).

51.    For example, during the pay period ending June 21, 2025, Reign worked 29.5 "on the clock" overtime hours.

52.    Likewise, the other Hourly Employees typically work approximately 72 to 120 hours a week "on the clock."

53.    And each pay period, Defendants pay Reign and the other Hourly Employees based on common systems and methods they select and control.

54.    Defendants require Reign and the other Hourly Employees to abide by common work, time, pay, meal period, rest period, and overtime policies and procedures.

55.    But Defendants do not pay Reign and the other Hourly Employees for all their hours worked, including overtime hours.

Page | 7 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

56. Instead, Defendants impose their rounding policy on Reign and the other Hourly Employees.

57. Specifically, Defendants automatically round their recorded hours to the nearest quarter hour for Defendants' primary benefit and to the detriment of the Hourly Employees, which, over time, results in a net underpayment of wages to Hourly Employees.

58. Defendants prohibit Reign and the other Hourly Employees from clocking in for their shifts more than 7.5 minutes before their start times and clocking out more than 7.5 minutes after their end times.

59. Defendants take disciplinary action or threaten to do so if Reign and the other Hourly Employees clock in more than 7.5 minutes prior to their scheduled start time or clock out more than 7.5 minutes after their scheduled end time.

60. Likewise, Defendants take disciplinary action or threaten to do so if Reign or other Hourly Employees clock in past their scheduled start time or clock out before their scheduled end time.

61. Defendants further require and expect Reign and the other Hourly Employees to perform their normal job duties immediately upon clocking in.

62. By enforcing these policies, Defendants ensure their joint rounding policy benefits Defendants to the detriment of Reign and the other Hourly Employees, including by systematically preventing employees from capturing all compensable work time before and after scheduled shifts.

63. Additionally, Defendants require these employees to continue performing their normal job duties throughout their shifts and do not provide them with *bona fide* meal periods nor provide a meaningful opportunity to take a 30-minute uninterrupted meal period, even on a paid on-duty basis.

64. Largely due to understaffing, Defendants require Reign and the other Hourly

Employees to perform their normal job duties, such as making sure patients are attended to, safe, and transported, and thus do not fully relieve them of all work duties during so called "meal periods."

65. Defendants require Reign and the other Hourly Employees to remain continuously engaged in compensable work duties throughout their shifts, for Defendants' benefit, including during any purported "meal period," such that no *bona fide* meal period occurs and any purported on-duty meal period is functionally indistinguishable from regular working time.

66. Thus, Reign and the other Hourly Employees routinely spend their entire shifts performing work for Defendants', not their own, benefit, without any meaningful opportunity for a meal period(s) during their shifts.

67. Defendants simply assume Reign and the other Hourly Employees receive *bona fide* meal periods each shift they work.

68. But Reign and the other Hourly Employees do not actually receive compliant, *bona fide* meal periods, even when they work more than five hours in a day.

69. Likewise, these employees do not receive a second *bona fide* meal period when they work in excess of 11 hours in a workday.

70. Instead, Defendants require Reign and the other Hourly Employees to remain on duty and perform compensable work throughout their shifts and/or subject them to work interruptions for Defendants' benefit, including during "meal periods."

71. Thus, Reign and the other Hourly Employees are not free to engage in personal activities during "meal periods."

72. Thus, Reign and the other Hourly Employees routinely spend "meal periods" performing work for Defendants'—not their own—benefit.

73. Defendants fail to exercise their duty as Reign's and the other Hourly Employees' employer to ensure these employees are not performing work that Defendants do not want performed

Page | 9 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

during their "meal periods."

74.    Likewise, Defendants fail to provide Reign and the other Hourly Employees with a *bona fide* 10-minute rest period for every four hours worked or major fraction thereof.

75.    Rather, Defendants require Reign and the other Hourly Employees to work throughout their shifts, including during any so called "rest periods" and/or subject them to work interruptions, such as attending to patients' urgent needs or cleaning up, during any attempted rest periods, again, rendering any such "rest period" functionally indistinguishable from regular work hours.

76.    Finally, Defendants subject Reign and the other Hourly Employees to their bonus pay scheme.

77.    Specifically, Defendants agree to pay and subsequently pay Reign and the other Hourly Employees non-discretionary bonuses, including shift bonuses and differentials, based on fulfillment of Defendants' criteria.

78.    But Defendants exclude these non-discretionary bonuses from Reign's and the other Hourly Employees' regular rates of pay for overtime purposes during the workweeks the bonuses are earned and they work more than 40 hours.

79.    Thus, Defendants fail to pay Reign and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

80.    Under their rounding policy, meal period policy, rest period policy, and bonus pay scheme, Defendants fail to pay and willfully withhold earned wages, including overtime wages, from Reign and other Hourly Employees, in violation of the WIWA and related L&I regulations, the WMWA, WWRA, Oregon Law, and FLSA.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

81.     Reign brings her claims on behalf of herself and the other Hourly Employees as a class and collective action.

82.     Like Reign, the other Hourly Employees are victimized by Defendants' rounding policy, meal period policy, rest period policy, and bonus pay scheme.

83.     Other Hourly Employees worked with Reign and indicated they were paid in the same manner, performed similar work, and were subject to Defendants' same or similar rounding policy, meal period policy, rest period policy, and/or bonus pay scheme.

84.     Based on her experience with Defendants, Reign is aware Defendants' rounding policy, meal period policy, rest period policy, and bonus pay scheme were imposed on the other Hourly Employees.

85.     The Hourly Employees are so numerous that joinder of all members in one lawsuit is impracticable.

86.     The Hourly Employees are similarly situated in the most relevant respects.

87.     Even if their precise job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to earned wages, including overtime wages, and compliant meal and rest periods.

88.     The only relevant inquiry is whether the Hourly Employees were subject to Defendants' rounding policy, meal period policy, rest period policy, and/or bonus pay scheme.

89.     Therefore, the specific job titles or locations of the Hourly Employees do not prevent class or collective treatment.

90.     Rather, Defendants' rounding policy, meal period policy, rest period policy, and bonus pay scheme render Reign and the other Hourly Employees similarly situated for the purpose of

Page | 11 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

determining their right to earned wages, including overtime wages, and compliant meal and rest periods.

91.     Defendants' failure to pay these employees earned wages, including overtime, and provide *bona fide* meal and rest breaks as required by the FLSA, Oregon, and/or Washington law results from generally applicable, systematic policies and practices that are not dependent on the personal circumstances of the Hourly Employees.

92.     Defendants' records reflect the number of hours the Hourly Employees worked "on the clock" each week.

93.     Defendants' records show they automatically rounded the Hourly Employees' clock in and clock out punches for their own primary benefit.

94.     And Defendants' records show that they excluded non-discretionary bonuses paid to the Hourly Employees' when calculating their regular rates of pay for overtime purposes.

95.     The back wages owed to Reign and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

96.     Even if the issue of damages were somewhat individual in character, damages can be calculated by reference to Defendants' records and there is no detraction from the common nucleus of liability facts.

97.     Therefore, the issue of damages does not preclude class and collective treatment.

98.     Reign's experiences are typical of the experiences of the other Hourly Employees.

99.     Reign has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

100.     Reign has an interest in obtaining the unpaid wages owed to the Hourly Employees under federal, Oregon, and Washington law.

101.    Reign and her counsel will fairly and adequately protect the interests of the Hourly Employees.

102.    Reign retained counsel with significant experience litigating complex class and collective actions.

103.    A class and collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

104.    Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Defendants will reap the unjust benefits of violating the FLSA, Washington, and Oregon law.

105.    Further, even if some of the Hourly Employees could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

106.    The multiplicity of actions would create a hardship for the Hourly Employees, the Court, and Defendants.

107.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

108.    The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

109.    Among the common questions of law and fact are:

   a.  Whether Defendants automatically rounded the Hourly Employees' clock in and out times to the nearest quarter hour for their primary benefit;

   b.  Whether Defendants engaged in a policy and practice of requiring their Hourly Employees to perform their typical job duties, during so called "meal periods" or "rest periods";

c.  Whether Defendants failed to provide their Hourly Employees with *bona fide* meal and/or rest periods in violation of Washington and/or Oregon law;

d.  Whether Defendants failed to pay their Hourly Employees overtime at rates of at least 1.5 times their regular rates of pay, based on all remuneration, for all hours worked after 40 in a week;

e.  Whether Defendants willfully withheld earned wages from their Hourly Employees;

f.  Whether Defendants timely paid all earned wages to former Hourly Employees upon termination of employment;

g.  Whether Defendants' failure to timely pay the Hourly Employees all earned wages due and owing was made in good faith; and

h.  Whether Defendants' violations were willful.

110.   There are many similarly situated Hourly Employees who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

111.   The similarly situated Hourly Employees are known to Defendants, are readily identifiable, and can be located through Defendants' business and personnel records.

### DEFENDANTS' VIOLATIONS WERE WILLFUL

112.   Defendants knew they were subject to the FLSA's, Oregon law's, and the WMWA's wage, including overtime wage, provisions.

113.   Defendants knew the Hourly Employees were non-exempt employees entitled to overtime.

114.   Defendants knew the FLSA, Oregon law, and WMWA required them to pay non-

exempt employees, including the hourly employees, overtime at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 in workweek.

115.    Defendants knew they were subject to the WWRA.

116.    Defendants knew the WWRA prohibited them from willfully withholding earned wages from employees, including the Hourly Employees.

117.    Defendants knew each Hourly Employee worked more than 40 hours in at least one workweek during relevant period(s).

118.    Defendants knew their Hourly Employees did not waive their meal periods.

119.    Nonetheless, Defendants failed to provide the Hourly Employees with *bona fide*, duty-free meal and rest periods.

120.    Defendants knew the Hourly Employees did not actually receive compliant meal and rest periods.

121.    Defendants knew the Hourly Employees regularly spent their "meal periods" and "rest periods" performing their regular job duties.

122.    Defendants knew they were subject to Washington and Oregon regulations that require them to provide employees, including the Hourly Employees, *bona fide*, duty-free, and uninterrupted 30-minute meal periods for every 5 or 6 hours worked.

123.    Defendants knew they were subject to the WIWA and L&I regulations that require them to provide employees, including the Hourly Employees, a *bona fide*, duty-free, and uninterrupted 10-minute rest period for every 4 hours worked or major fraction thereof.

124.    Defendants knew, should have known, or recklessly disregarded Oregon law, Washington law, and the FLSA.

125.    Defendants knowingly, willfully, and/or in reckless disregard of applicable Washington law, Oregon law, and the FLSA carried out employment policies that systematically

deprived the Hourly Employees of *bona fide* meal and rest periods, earned wages, and premium overtime pay at the required rates.

### FIRST CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

126.    Reign brings her FLSA claims as a collective action on behalf of herself and the other FLSA Collective Members.

127.    Defendants violated, and are violating, the FLSA by employing non-exempt employees (Reign and the FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such non-exempt employees overtime wages of at least 1.5 times their regular rates of pay – based on all remuneration – for hours worked in excess of 40 a workweek.

128.    Defendants' unlawful conduct harmed Reign and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

129.    Accordingly, Defendants owe Reign and the FLSA Collective Members the difference between the wages actually paid and the overtime wages actually earned.

130.    Because Defendants knew or showed reckless disregard for whether their rounding policy and bonus pay scheme violated the FLSA, Defendants owe the FLSA Collective Members these wages for the past 3 years.

131.    Defendants are also liable to the FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

132.    Finally, the FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### SECOND CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME UNDER OREGON LAW
### (OREGON CLASS)

133. Reign brings her Oregon claim as a class action on behalf of herself and the other

Oregon Class Members pursuant to FED. R. CIV. P. 23.

134.    At all relevant times, Defendants were an "employer" within the meaning of Oregon law. *See* ORS § 653.010(3).

135.    At all relevant times, Defendants "employed" Reign and each Oregon Class Member within the meaning of the Oregon wage laws. *See* ORS § 653.010(2).

136.    At all relevant times, Reign and each Oregon Class Member were covered "employees" entitled to overtime compensation. *See* ORS § 653.020.

137.    Under ORS § 653.261 and OAR 839-020-0030, employers, like Defendants, are required to pay employees, including Reign and the other Oregon Class Members, overtime wages of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 in a workweek.

138.    Defendants violated, and are violating, Oregon overtime laws by failing to pay Reign and the other Oregon Class Members overtime wages of at least 1.5 times their regular rates of pay, based on all remuneration, for all hours worked in excess of 40 each workweek. *See* ORS § 653.261; OAR 839-020-0030.

139.    Reign and the other Oregon Class Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work that they performed and from which Defendants derived a direct and substantial benefit.

140.    Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Reign and the other Oregon Class Members overtime compensation, based on all remuneration, for all overtime hours worked.

141.    Defendants' failure to pay these employees overtime compensation based on all remuneration for all overtime hours worked was neither reasonable, nor was the decision not to pay them overtime compensation for all overtime hours worked made in good faith.

142.    Accordingly, Reign and the other Oregon Class Members are entitled to recover their

unpaid overtime compensation, civil penalties pursuant to ORS § 652.150, pre- and post-judgment interest at a rate of 9% per annum, and attorneys' fees and costs. *See* ORS §§ 653.055(1) and (4); ORS § 652.200; ORS § 82.010.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO PROVIDE MEAL PERIODS**
**(OREGON CLASS)**

143.    Reign brings her meal period claims as a class action on behalf of herself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

144.    At all relevant times, Defendants were an "employer" within the meaning of Oregon law. *See* ORS § 653.010(3).

145.    At all relevant times, Defendants "employed" the Oregon Class Members within the meaning of Oregon law. *See* ORS § 653.010(2).

146.    At all relevant times, the Oregon Class Members were covered "employees" within the meaning of Oregon law. *See* ORS § 653.020.

147.    Under ORS § 653.261 and OAR 839-020-0050, employers, like Defendants, are required to provide employees, including the Oregon Class Members, a meal period of at least 30 continuous minutes, completely relieved of all duties, during work periods of 6 hours or more.

148.    Further, for shifts of 14 hours or more, employers, like Defendants, must provide employees, including the Oregon Class Members, a second, 30-minute meal period.

149.    Defendants violated, and are violating, Oregon law by failing to provide Reign and the Oregon Class Members with *bona fide*, continuous, and uninterrupted 30-minute meal breaks.

150.    Because the Oregon Class Members remain on duty, are subject to interruptions, and/or are not completely relieved of all duties during "meal breaks," Defendants violate Oregon law. *See* ORS § 653.261 and OAR 839-020-0050.

151.    Accordingly, Reign and the Oregon Class Members are entitled to declaratory relief

Page | 18 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

that Defendants' meal period policies violate Oregon meal break requirements.

152.    Reign and the Oregon Class Members are further entitled to recover their actual damages in the form of back wages, as well as pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* ORS §§ 82.010, 652.615, 652.200.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO PAY ALL EARNED WAGES
### (OREGON CLASS)

153.    Reign brings her claim for failure to pay all earned wages on behalf of herself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

154.    At all relevant times, Defendants were an "employer" within the meaning of Oregon law. *See* ORS § 653.010(3).

155.    At all relevant times, Defendants "employed" Reign and the other Oregon Class Members within the meaning of Oregon law. *See* ORS § 653.010(2).

156.    At all relevant times, the Oregon Class Members were covered "employees" within the meaning of Oregon law. *See* ORS § 653.020.

157.    Employers, like Defendants, are required to pay employees, such as the Oregon Class Members, all wages earned and due for all hours worked. *See* ORS 652.120.

158.    Defendants violated, and are violating, Oregon law by failing to pay the Oregon Class Members for all hours worked.

159.    Defendants knowingly, willfully, or in reckless disregard carried out their unlawful pattern or practice of failing to pay all earned wages to Reign and the other Oregon Class Members.

160.    Accordingly, Reign and the other Oregon Class members are entitled to recover all unpaid wages, pre- and post-judgment interest at a rate of 9% per annum, and attorneys' fees and costs. *See* ORS §§ 653.055, 652.200, 82.010.

## FIFTH CLAIM FOR RELIEF
### FAILURE TO TIMELY PAY EARNED WAGES UPON TERMINATION UNDER OREGON LAW
### (OREGON CLASS)

161.    Reign brings her claim for unpaid earned wages upon termination of employment on behalf of herself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

162.    At all relevant times, Defendants were an "employer" within the meaning of Oregon law. *See* ORS § 653.010(3).

163.    At all relevant times, Defendants "employed" each Oregon Class Member within the meaning of Oregon law. *See* ORS § 653.010(2).

164.    At all relevant times, each Oregon Class Member was a covered "employee" entitled to earned wages, including overtime wages. *See* ORS § 653.020.

165.    Defendants were required to pay all earned, but unpaid wages, including overtime wages, owed to the Oregon Class Members whose employment with Defendants has terminated, no later than 5 days following termination of their respective employment. *See* ORS § 652.140(2).

166.    Reign's employment with Defendants terminated in September 2025.

167.    Defendants have failed to timely pay Reign and the other Oregon Class Members who have terminated their employment with Defendants all of the earned wages due and owing to them. *See* ORS 652.140.

168.    Accordingly, Reign and the other former Oregon Class Members are entitled to recover their unpaid earned wages, penalties of 30 times the employee's daily rate of pay, pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* ORS §§ 652.150; 653.055(1) and (4), 652.200, 82.010.

## SIXTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE *BONA FIDE* MEAL AND REST PERIODS UNDER THE WIWA
### (WASHINGTON CLASS)

169.    Reign brings her meal and rest period claims under the WIWA and related L&I

Page | 20 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

regulations as a class action on behalf of herself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

170. Defendants' conduct violates the WIWA's and the related L&I regulations' meal and rest period requirements. RCW 49.12, *et seq.*; WAC 296-126-092.

171. At all relevant times, Defendants were subject to the WIWA and related L&I regulations because Defendants were (and are) an "employer" within the meaning of the WIWA and the L&I regulations. *See* RCW 49.12.005(3); WAC 296-126-002(1).

172. At all relevant times, Defendants employed Reign and the other Washington Class Members as covered "employees" within the meaning of the WIWA and Washington L&I regulations. *See* RCW 49.12.005(4); WAC 296-126-002(2).

173. The WIWA prohibits employers, like Defendants, from employing employees, including Reign and the other Washington Class Members, under conditions of labor detrimental to their health. RCW 49.12.020.

174. The L&I regulations require employers, like Defendants, to provide employees, including Reign and the other Washington Class Members, meal periods of at least 30 minutes which commence no less than 2 hours nor more than 5 hours from the beginning of the employees' shift (and a second 30-minute meal period for shifts exceeding 11 hours). WAC 296-126-092(1).

175. The L&I regulations further mandate that meal periods shall be paid when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. WAC 296-126-092(1).

176. The L&I regulations also require employers, like Defendants, to provide employees, including Reign and the other Washington Class Members, rest periods of at least 10 minutes for every 4 hours of working time. WAC 296-126-092(4).

177. The L&I regulations further prohibit employers, like Defendants, from requiring

Page | 21 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

employees, including Reign and the other Washington Class Members, to work more than 3 hours without a rest period. WAC 296-126-092(4).

178.    Washington law also requires employers, like Defendants, to compensate employees, including Reign and the other Washington Class Members, for denied, missed, or interrupted meal and rest periods. *See, e.g., Androckitis v. Virginia Mason Med. Ctr.*, 32 Wn. App. 2d 418 (2024), *review denied*, 4 Wn. 3d 1007 (2025); *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn. 2d 507 (2018); *Pellino v. Brinks Inc.*, 164 Wn. App. 668 (2011).

179.    Throughout the relevant period, Defendants expected and required Reign and the other Washington Class Members to remain on duty and perform compensable work throughout their shifts, including during any so called "meal and rest periods."

180.    Reign and the other Washington Class Members were not relieved of all duties during their attempted meal and rest periods but instead were subject to work interruptions.

181.    Thus, Defendants violated, and are violating, the WIWA, WMWA, and related L&I regulations by failing to provide Reign and the other Washington Class Members *bona fide* meal and rest periods. *See* RCW 49.12.020; WAC 296-126-092.

182.    Defendants' unlawful conduct harmed Reign and the other Washington Class Members by depriving them of the *bona fide* meal and rest periods they are owed under Washington law.

183.    Accordingly, the Washington Class Members are entitled to recover their unpaid wages for missed meal and rest periods, all penalty wages available under Washington law, and pre-judgment interest at a rate of 12% per annum. RCW 19.52.020.

184.    Finally, Reign and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. RCW 49.12.150.

//

## SEVENTH CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME UNDER THE WMWA
### (WASHINGTON CLASS)

185.    Reign brings her WMWA claim as a class action on behalf of herself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

186.    Defendants' conduct violates the WMWA. RCW 49.46, *et seq.*

187.    At all relevant times, Defendants were subject to the WMWA because Defendants were (and are) an "employer" within the meaning of the WMWA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

188.    At all relevant times, Defendants employed Reign and the other Washington Class Members as covered "employees" within the meaning of the WMWA. *See* RCW 49.46.010(3); *see also* RCW 49.48.082(5)(a).

189.    The WMWA requires employers, like Defendants, to pay non-exempt employees, including Reign and the other Washington Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek. RCW 49.46.130 and RCW 49.46.090.

190.    Reign and the other Washington Class Members are entitled to overtime pay under the WMWA.

191.    Defendants violated, and are violating, the WMWA by failing to pay non-exempt employees (Reign and the other Washington Class Members) overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. *See* RCW 49.46.130; *see also* RCW 49.46.090.

192.    Defendants' unlawful conduct harmed Reign and the other Washington Class Members by depriving them of the overtime wages they are owed under Washington law.

193.    Accordingly, Defendants owe Reign and the other Washington Class Members the

difference between the wages paid and the overtime wages earned plus pre-judgment interest at a rate of 12% per annum. RCW 19.52.020; RCW 49.46.090.

194.    Finally, Reign and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.46.090.

### EIGHTH CLAIM FOR RELIEF
### WILLFULLY WITHHOLDING EARNED WAGES UNDER THE WWRA
### (WASHINGTON CLASS)

195.    Reign brings her WWRA claim as a class action on behalf of herself and the other Washington Class Members pursuant to FED. R. CIV. P. 23.

196.    Defendants' conduct violates the WWRA. RCW 49.52, *et seq.*

197.    At all relevant times, Defendants were subject to the WWRA because Defendants were (and are) an "employer" within the meaning of the WWRA. *See* RCW 49.46.010(4); *see also* RCW 49.48.082(6).

198.    At all relevant times, Defendants employed Reign and the other Washington Class Members as covered "employees" within the meaning of the WWRA. *See* RCW 49.12.005(4); *see also* RCW 49.48.082(5)(b).

199.    The WWRA prohibits employers, like Defendants, from depriving employees, including Reign and the other Washington Class Members, of "any part of his or her wages" and from "pay[ing] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." RCW 49.52.050.

200.    Defendants violated, and are violating, the WWRA by willfully withholding earned wages, including overtime wages, from Reign and the other Washington Class Members, which Washington law obligated Defendants to pay, including overtime wages at rates not less than 1.5 times their regular rates of pay. *See* RCW 49.52.050.

201.    Defendants' unlawful conduct harmed Reign and the other Washington Class

Page | 24 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Members by willfully withholding earned wages (including earned overtime wages at the required premium rate) from these employees, which they are owed under Washington law.

202.    Accordingly, Defendants owe Reign and the other Washington Class Members their willfully withheld earned wages plus exemplary damages in an amount equal to 2 times their willfully withheld wages. RCW 49.52.070.

203.    Finally, Reign and the other Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.52.070.

### JURY DEMAND

204.    Reign demands a trial by jury on all counts.

### RELIEF SOUGHT

Reign, individually and on behalf of the other Hourly Employees, seeks the following relief:

a.    An Order allowing this action to proceed as a collective action under the FLSA and directing notice be sent to all the FLSA Collective Members allowing them to join this collective action by filing a written notice of consent;

b.    An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c.    An Order appointing Reign and her counsel to represent the interests of the Hourly Employees;

d.    An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Reign and the FLSA Collective Members, plus liquidated damages in an amount equal to their unpaid wages;

e.    An Order pursuant to Oregon law finding Defendants liable for unpaid earned wages, including overtime wages, including upon termination of

Page | 25 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

employment, due to the Oregon Class Members, as well as all available statutory and civil penalties;

f.      A Judgment awarding Reign and the Oregon Class Members all unpaid wages and other damages available under Oregon law;

g.      An Order pursuant to Washington law finding Defendants liable for unpaid wages, including overtime wages, due to Reign and the other Washington Class Members, as well as all available statutory and civil penalties;

h.      A Judgment awarding Reign and the Washington Class Members all unpaid wages and other damages available under Washington law;

i.      An Order awarding attorney's fees, costs, and expenses;

j.      Pre- and post-judgment interest at the highest applicable rates; and

k.      Such other and further relief as may be necessary and appropriate.

Dated: July 2, 2026.

Respectfully submitted,

**BUCHANAN ANGELI
SULLIVAN & FERRER LLP**

By: */s/ Dana L. Sullivan*
Dana L. Sullivan
Oregon Bar No. 944834
621 Southwest Morrison Street, Suite 1250
Portland, Oregon 97205
503.974.5015 – Telephone
971.230.0337 – Facsimile
dana@basf.law

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
5847 San Felipe, Suite 2400
Houston, Texas 77057
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
5847 San Felipe, Suite 2400
Houston, Texas 77057
713-877-8788 – Telephone
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR REIGN &
THE HOURLY EMPLOYEES**